(113 App. Div. 103)

### ORR et al. v. SOUTH AMBOY TERRA COTTA CO.

(Supreme Court, Appellate Division, First Department. May 11, 1906.)

BILLS AND NOTES—BONA FIDE PURCHASERS—NOTICE—NOTES OF CORPORATIONS.
    The fact that the payee of a note executed by a corporation, acting through its officers, is a director of the corporation, does not put a purchaser of the note upon inquiry as to whether its issuance was authorized.
    [Ed. Note.—For cases in point, see vol. 7, Cent. Dig. Bills and Notes, § 845.]

Appeal from Appellate Term.

Action by George Orr and another against the South Amboy Terra Cotta Company. From a judgment of the Appellate Term (94 N. Y. Supp. 524), affirming a judgment for defendant, plaintiffs appeal. Reversed and remanded.

Argued before O'BRIEN, P. J., and PATTERSON, INGRAHAM, LAUGHLIN, and CLARKE, JJ.

Alexander S. Bacon, for appellants.
Grenville T. Emmet, for respondent.

LAUGHLIN, J. This is an action against the maker of a promissory note for $1,000. The note was duly authorized by a resolution of the board of directors of the defendant, but it was issued to one of the directors without consideration. The note was made in the name oi the defendant, a business corporation, signed by its president and secretary, and made payable to the order of E. R. Poerschke. The payee was one of the directors. He was a mason and builder, and for many years had purchased material of the plaintiffs, who were dealers in granite. He owed them $1,027. They demanded payment, and he turned over to them this note before maturity, for which they gave

him credit on the account. There was conflicting evidence on the question as to whether the plaintiffs had notice of any infirmity in the note, and the court submitted that issue to the jury. There was also evidence tending to show that the plaintiffs knew that the payee was a director of the maker of the note, but that was also controverted. The court in charging the jury drew their attention to that evidence, and instructed them that, if they found that plaintiffs at the time they took the note knew that the payee was a director of the maker, they might take that fact into consideration in determining whether they were put upon inquiry as to how he obtained possession of the note. Counsel for plaintiffs duly excepted to such instruction, and said to the court: "The plaintiffs maintain that the mere fact that a person is a director and not an officer of a company is not sufficient to throw discredit upon any commercial paper;" and requested that the jury be instructed that the mere fact that Mr. Poerschke was a director, and the fact, even if it were true, that one of the plaintiffs knew it, was "not sufficient to throw discredit on the note, or enough to put a bona fide holder upon inquiry." The court declined to so charge, and counsel for plaintiffs duly excepted.

This was error. The rule applicable to notes made by officers of a corporation to their own order, and used to pay their individual obligations, has no application to notes made by the duly authorized fficers, and payable to a director. It is not uncommon for directors to have business dealings with the corporation, and it is perfectly legitimate if they refrain from voting, and do not use their personal influence with their fellow directors for their own advantage at the expense of the corporation. But the officers of a corporation individually make the contracts in behalf of the corporation and issue its obligations. They may not lawfully contract with themselves, or use the credit of the corporation for their own benefit individually. There is reason, therefore, for the rule that one taking the negotiable paper of a corporation in payment of an individual obligation of an officer is chargeable with notice and is put upon inquiry as to whether the issuance of the paper was authorized (Wilson v. Met. El. R. R. Co., 120 N. Y. 150, 24 N. E. 384, 17 Am. St. Rep. 625; Hanover Nat. Bank v. Am. Dock & Trust Co., 148 N. Y. 612, 43 N. E. 72, 51 Am. St. Rep. 721; Cheever v. Ry. Co., 150 N. Y. 59, 44 N. E. 701, 34 L. R. A. 69, 55 Am. St. Rep. 646; Rochester & C. T. R. Co. v. Paviour, 164 N. Y. 281, 58 N. E. 114); but the reason does not exist in the case of a director, and therefore the rule is not applicable. The plaintiffs, therefore, were entitled to have the jury instructed, as matter of law, that the fact that the payee was a director of a corporation was not notice to the plaintiffs of any infirmity in the note, and did not put them upon any inquiry concerning the circumstances under which it was issued or came into the hands of the payee. Any other rule would seriously impair the negotiability of the corporate securities.

It follows, therefore, that the order of the Appellate Term and order and judgment of the City Court should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.